# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**JASON S. BURL,**

       **Petitioner,**

    **v.**                               **2255 Case No. 02-C-0651**
                                                **Criminal Case No. 00-CR-122**

**UNITED STATES OF AMERICA,**
               **Respondent.**

---

## ORDER

A jury convicted petitioner Jason Burl of possessing a firearm as a felon, contrary to 18 U.S.C. § 922(g)(1), and I sentenced him to 188 months in prison under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). Petitioner appealed, arguing that I should have instructed the jury on the definition of reasonable doubt and that the evidence was insufficient to establish guilt. The Seventh Circuit affirmed. United States v. Burl, 13 Fed. Appx. 408 (7th Cir. 2001).

Petitioner then filed a collateral attack under 28 U.S.C. § 2255, arguing that I erred in using the word "should" rather than "must" in the substantive jury instruction, and that his lawyer provided ineffective assistance when he stipulated that petitioner had three predicate convictions under the ACCA. I denied the motion, and the Seventh Circuit later dismissed his appeal.

Petitioner has now filed a motion under Fed. R. Civ. P. 60(b), alleging a defect in the integrity of the sentencing process. Specifically, he argues that he should not have been sentenced under the ACCA and that his lawyer provided ineffective assistance in this regard. Although he filed the motion under his original criminal case number, he uses the

caption from his § 2255 case. Nevertheless, whether the motion pertains to the original criminal case or the § 2255 case, it must be dismissed for lack of jurisdiction.

First, Rule 60(b) provides no basis for relief from a judgment in a criminal case. See, e.g., United States v. Fair, 326 F.3d 1317, 1318 (11th Cir. 2003); United States v. O'Keefe, 169 F.3d 281, 289 (5th Cir. 1999); United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998). Further, because petitioner has already filed a collateral attack (and has not obtained permission to launch another), I cannot recast the motion as one under § 2255. Therefore, I must dismiss the motion in the criminal case.

Second, petitioner provides no basis for Rule 60(b) relief in his § 2255 action. Under Gonzalez v. Crosby, 545 U.S. 524 (2005), a § 2255 petitioner may use Rule 60(b) to challenge some defect in the § 2255 proceedings without running afoul of the ban on second or successive collateral attacks. However, where, as here, the Rule 60(b) motion attacks the underlying conviction or sentence, i.e. goes to the merits of the case, the district court must dismiss it for lack of jurisdiction. See, e.g., Curry v. United States, 507 F.3d 603, 604-05 (7th Cir. 2007), cert. denied, 128 S. Ct. 2925 (2008); United States v. Carraway, 478 F.3d 845, 848-49 (7th Cir.), cert. denied, 127 S. Ct. 2895 (2007); Dunlap v. Litscher, 301 F.3d 873, 876-77 (7th Cir. 2002).

**THEREFORE, IT IS ORDERED** that petitioner's motion (R. 66) is **DISMISSED.**

Dated at Milwaukee, Wisconsin, this 17th day of December, 2008.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge